UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 12-2011 |
| | ) | |
| Plaintiff | ) | SECTION F |
| | ) | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | ) | |
| | ) | MAGISTRATE 3 |
| THE CITY OF NEW ORLEANS, | ) | MAG. DANIEL E. KNOWLES, III |
| | ) | |
| and | ) | |
| | ) | |
| THE LOUISIANA STATE BOND COMMISSION | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, the City of New Orleans, who responds to the specific allegations of plaintiff's Amended Complaint as follows:

1.

The allegations of Paragraph 1. are denied in that they call for factual and legal conclusions.

2.

The allegations of Paragraph 2. are denied in that they call for factual and legal conclusions.

3.

The allegations of Paragraph 3. are denied in that they call for factual and legal conclusions.

4.

The allegations of Paragraph 4. are admitted only as to the status of the City. The remainder of the allegations in Paragraph 4. are denied in that they call for factual and legal conclusions.

5.

The allegations of Paragraph 5. are admitted.

6.

The allegations of Paragraph 6. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 6. are further denied in that they require interpretation of the City's Home Rule Charter and Comprehensive Zoning Ordinance, which as written documents, are the best evidence of their contents.

7.

The allegations of Paragraph 7. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 7. are further denied in that they require interpretation of the City's Home Rule Charter and Comprehensive Zoning Ordinance, which as written documents, are the best evidence of their contents.

8.

The allegations of Paragraph 8. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 8. are further denied in that they require interpretation of the City's Home Rule Charter and Comprehensive Zoning Ordinance, which as written documents, are the best evidence of their contents.

9.

The allegations of Paragraph 9. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 9. are further denied in that they require interpretation of the City's

Home Rule Charter and Comprehensive Zoning Ordinance, which as written documents, are the best evidence of their contents.

10.

The allegations of Paragraph 10. are admitted in that the Louisiana State Bond Commission is an agency of the State of Louisiana. The remainder of the allegations of Paragraph 10. are denied in that Article VII, Section 8 of the Louisiana Constitution of 1974, as a written document, is the best evidence of its contents.

11.

The allegations of Paragraph 11. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 11. are further denied in that they require the interpretation of numerous written documents that are the best evidence of their contents.

12.

The allegations of Paragraph 12. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 12. are further denied in that they require the interpretation of numerous written documents that are the best evidence of their contents.

13.

The allegations of Paragraph 13. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 13. are further denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 14. are further denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 15. are further denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 16. are further denied for lack of sufficient information to justify a belief therein and in that they require the interpretation of numerous written documents that are the best evidence of their contents.

17.

The allegations of Paragraph 17. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 17. are further denied for lack of sufficient information to justify a belief therein and in that they require the interpretation of numerous written documents that are the best evidence of their contents.

18.

The allegations of Paragraph 18. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 18. are further denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19. are admitted in that the Bond Commission, a state agency wholly distinct from the City of New Orleans, controls the funding required for the project at issue. The remainder of the allegations of Paragraph 19. are denied in that they call for factual and legal conclusions and for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20. are denied.

21.

The allegations of Paragraph 21. are denied in that they require the interpretation of written documents that are the best evidence of their contents.

22.

The allegations of Paragraph 22. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 22. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

23.

The City denies the allegations of Paragraph 23. in that they relate to actions taken by private citizens without City involvement. The allegations of Paragraph 23. are further denied in that they

call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

24.

The City denies the allegations of Paragraph 24. in that they relate to actions taken by private citizens without City involvement. The allegations of Paragraph 24. are further denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

25.

The City denies the allegations of Paragraph 25. in that they relate to actions taken by private citizens without City involvement. The allegations of Paragraph 25. are further denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

26.

The City admits that a public hearing was conducted on March 8, 2010, before the BZA pursuant to the Louisiana Open Meetings Law, which permits comments from private citizens. The remainder of the allegations of Paragraph 26. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

27.

The allegations of Paragraph 27. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 27. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

28.

The allegations of Paragraph 28. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 28. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

29.

The allegations of Paragraph 29. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 29. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

30.

The City admits that a public hearing was conducted on May 10, 2010, before the BZA pursuant to the Louisiana Open Meetings Law, which permits comments from private citizens. The remainder of the allegations of Paragraph 30. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

31.

The City admits that a public hearing was conducted on May 10, 2010, before the BZA pursuant to the Louisiana Open Meetings Law, which permits comments from private citizens. The

remainder of the allegations of Paragraph 31. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

32.

The allegations of Paragraph 32. are denied in that they call for factual and legal conclusions.

33.

The City admits that a public hearing was conducted before the HDLC pursuant to the Louisiana Open Meetings Law, which permits comments from private citizens. The remainder of the allegations of Paragraph 33. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

34.

The allegations of Paragraph 34. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 34. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

35.

The allegations of Paragraph 35. are denied in that they call for factual and legal conclusions. The allegations of Paragraph 35. are further denied in that they require the interpretation of written documents that are the best evidence of their contents.

36.

The City admits that a public hearing was conducted on November 8, 2010, before the BZA pursuant to the Louisiana Open Meetings Law, which permits comments from private citizens. The

remainder of the allegations of Paragraph 36. are denied in that they call for factual and legal conclusions, require the interpretation of written documents that are the best evidence of their contents, and for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37. are denied in that they require the interpretation of written documents that are the best evidence of their contents.  The allegations of Paragraph 37. are further denied in that they call for factual and legal conclusions.

38.

The allegations of Paragraph 38. are denied in that they require the interpretation of written documents that are the best evidence of their contents.

39.

The allegations of Paragraph 39. are denied in that they require the interpretation of written documents that are the best evidence of their contents.  The allegations of Paragraph 39. are further denied in that they call for factual and legal conclusions.

40.

The allegations of Paragraph 40. are denied in that they require the interpretation of written documents that are the best evidence of their contents.  The allegations of Paragraph 40. are further denied in that they call for factual and legal conclusions.

41.

The allegations of Paragraph 41. are denied.

42.

The City admits that it granted Developers a reasonable accommodation as stated in Disposition of Zoning Case 287-11 and that ERTCA has filed three (3) separate suits against the City relating to this matter. The remainder of the allegations of Paragraph 42. are denied in that they require interpretation of written documents that are the best evidence of their contents, and the allegations call for factual and legal conclusions.

43.

The allegations of Paragraph 43. are denied as to the City.

44.

The allegations of Paragraph 44. are denied as to the City in that they call for factual and legal conclusions, require the interpretation of written documents that are the best evidence of their contents, and for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45. are denied in that they relate to actions taken by private citizens without City involvement. The allegations of Paragraph 45. are further denied in that they call for factual and legal conclusions, require the interpretation of written documents that are the best evidence of their contents, and for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 46. are denied as to the City.

47.

The allegations of Paragraph 47. are denied as to the City in that they call for factual and

legal conclusions, require the interpretation of written documents that are the best evidence of their contents, and for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

49.

The allegations of Paragraph 49. are denied in that they call for factual and legal conclusions.

50.

The allegations of Paragraph 50. are denied in that they call for factual and legal conclusions and require the interpretation of written documents that are the best evidence of their contents.

51.

The allegations of Paragraph 51. are denied in that they call for factual and legal conclusions.

52.

The allegations of Paragraph 52. are denied in that they call for factual and legal conclusions and for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53. are admitted in that the Bond Commission, a state agency wholly distinct from the City of New Orleans, controls the funding required for the project at issue. The remainder of the allegations of Paragraph 53. are denied in that they call for factual and legal conclusions and for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54. are denied in that they call for factual and legal conclusions.

55.

The allegations of Paragraph 55. are denied in that they call for factual and legal conclusions.

56.

The allegations of Paragraph 56. are denied as to the City.

57.

The allegations of Paragraph 57. are denied.

58.

The allegations of Paragraph 58., including all sub-paragraphs thereof, are denied.

59.

The allegations of Paragraph 59. are denied.

60.

The allegations of Paragraph 60. are denied in that they call for factual and legal conclusions.

61.

The allegations of Paragraph 61. are denied.

62.

The allegations of Paragraph 62. are denied.

63.

The allegations of Paragraph 63. are denied.

64.

The allegations of the Paragraph of plaintiff's Amended Complaint beginning "WHEREFORE," including all sub-paragraphs thereof, are denied.

**AND NOW, IN FURTHER ANSWERING**:

### FIRST DEFENSE

The Amended Complaint fails to state a right, claim, or cause of action upon which relief can be granted.

### SECOND DEFENSE

The City affirmatively avers that this Amended Complaint fails to allege any current case or controversy that is ripe for judicial review.

### THIRD DEFENSE

The City has granted the variances requested by the allegedly aggrieved parties.

### FOURTH DEFENSE

The City has no control over the state funding mechanisms at issue in this case.

### FIFTH DEFENSE

The City has fully complied with The Americans with Disabilities Act ("ADA") and The Fair Housing Act.

### SIXTH DEFENSE

The City affirmatively avers that this matter is moot.

### SEVENTH DEFENSE

In the alternative, the City affirmatively avers that any and all alleged damages were caused by persons or parties over whom the City exercised no authority, jurisdiction, control, or supervisory responsibility.

### EIGHTH DEFENSE

Further in the alternative, the City avers that any and all alleged damages were caused by the conduct of third persons for whom the City is not responsible or liable.

### NINTH DEFENSE

Defendant avers that at all times pertinent hereto, they acted in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and the Constitution and laws of the United States of America and the State of Louisiana.

### TENTH DEFENSE

The City specifically avers the allegedly aggrieved parties' failure to mitigate their damages.

### ELEVENTH DEFENSE

All actions taken by defendant were taken in good faith, under the law, and without malice.

### TWELFTH DEFENSE

Defendant avers that at all times pertinent hereto, their actions were reasonable, justified, and legally permissible under the circumstances.

### THIRTEENTH DEFENSE

The City specifically avers that to the extent this Amended Complaint seeks punitive or exemplary damages, such claims should be dismissed.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, defendant herein reserves its right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and/or require.

## **JURY DEMAND**

Defendant herein prays that this case be tried before a jury as to all claims against all parties.

**WHEREFORE**, defendant herein prays that, after due proceedings are had, judgment be rendered in favor of defendant, dismissing Plaintiff's Amended Complaint at its cost. Defendant further prays for all other equitable relief appropriate in the premises, including but not limited to any and all attorneys' fees and costs associated with the defense of this action.

Respectfully Submitted,

*/s/ Matthew J. Lindsay*

_____

**MATTHEW J. LINDSAY (#30599)**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL (#25694)**
DEPUTY CITY ATTORNEY
**SHARONDA R. WILLIAMS (LSB#28809)**
CHIEF DEPUTY CITY ATTORNEY
**RICHARD F. CORTIZAS (#28890)**
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
EMAIL: mjlindsay@nola.gov

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record via electronic means, this 18th day of December 2012.

*/s/ Matthew J. Lindsay*

_____

**MATTHEW J. LINDSAY (#30599)**